WLADYSLAW OLECHNY ET AL.
*vs.*
THE THADEUS KOSCIUSZKO SOCIETY OF THOMPSONVILLE, CONN., INC.

Superior Court        Hartford County        File No. 60677

MEMORANDUM FILED DECEMBER 30, 1940.

*A. C. & A. S. Bill,* of Hartford, for the Plaintiffs.

*Bernard A. Kosicki,* of Middletown, for the Defendant.

QUINLAN, J. The complaint in this case, as · amended, asks for appointment of a receiver, a dissolution of the defendant corporation, a division of the assets and a restoration to membership on the part of suspended and expelled members.

Only so far as the relief sought flows from an internal dissension, do the facts constituting that dissension become of importance. The defendant is the outgrowth of a voluntary association. In 1924 the association became incorporated, as will later appear. The original membership was Roman Catholic but some years later some of the members became alienated from that Church and trouble began. It became intense when suggestion was made of joining Centralia, a central organization delegates to which must all be Roman Catholics.

Recriminations and reprisals were resorted to and practiced by the wing leaving the Roman Catholic Church and entering the National Catholic Church, which eventuated in attempted suspensions and expulsions, amendments to the constitution and an eventual stalemate. Proposed members were overwhelmed with blackballs by the opposing factions.

Certain sick and death benefits are paid to members and the virility of the organization depends on new blood. The interests of members are jeopardized by an inability to do bus-

iness and continue the organization's life. Thus the situation may be distinguished from a legal situation where internal dissension alone gives no occasion for the appointment of a receiver. I am of the opinion a receiver should be appointed if defendant corporation succeeded to voluntary association.

Toward the very end of the trial it became evident defendant for the first time was endeavoring to develop a state of facts similar to some Massachusetts and one Connecticut case where the courts held there was no merger. Here, beginning with the pleadings, no issue was raised on that score. Paragraphs one and three of the complaint are admitted and it is also admitted that the suspension and expulsion of members was voted by the membership of the corporation. The minutes were admitted as the minutes of the corporation, and it was stipulated by counsel that the assets were those of the defendant. A committee of the association was raised within the association to form the corporation, the charter was procured and approved by the corporation, the charter hung in the organization rooms. Annual reports were made to the State authorities. In fact the members of the association associated and identified themselves with the corporation since its incorporation.

Loose methods of recording minutes and a failure to change the name of the depository ought not defeat what was in fact a merger and a discontinuance of activity on the part of the association. The purpose of the corporation was to promote the objects for which the association was created (Plaintiff's Exhibit A). *Bancroft vs. Cook,* 264 Mass. 343, 162 N.E. 691. The members not only sought and approved the charter, they acquiesced in its existence and are estopped to deny it. Not much imagination is required to predict the attitude the members of this organization would take if sued as members of a voluntary organization.

We are in a court of equity and for the best interests of this organization the destructive situation which has existed should not be permitted to destroy the values which the members have created. There are ways to recreate an organization among the defendant members which will truly and without strife promote their avowed objects. They ought not want within their midst forces of destruction.

This court intends to further their purposes and to be free

of the poisonous blindness which has prevented a settlement of the issues.

The proceedings under which certain members were suspended was illegal. (Gen. Stat. [1930] §3500). I find as a matter of fact that Pilch, Koziel, Koslodziej and Warzyca were of eligible age when admitted. All of these persons should be returned to membership.

Judgment for the plaintiffs, and the necessary claims for appointment of receiver, appraisers, limiting time for creditors to present claims and fixing of bond of receiver, may be filed for the Short Calendar at Hartford.